UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BARON JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO:   10-1770** |
| **JAMES M. LEBLANC, ET AL.** | **SECTION: "R" (4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C)** and **§ 1915(e)(2) and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and(2)**.  Upon review of the record, the Court has determined that these matters can be disposed of without an Evidentiary Hearing.

The Plaintiff is no longer in custody but was previously incarcerated at the David Wade Correctional Center in Homer, Louisiana through September 16, 2009.[1]  He filed the above captioned matter on June 3, 2010, against James M. LeBlanc, the Secretary of the Louisiana Department of Corrections, Juan Labadie, a doctor within the Jefferson Parish Department of Health and Human Services who provides treatment to individuals affected with mental illness, addictive disorders, or developmental disabilities, and Milton Sterling, a physician, contending that his civil

---

[1] Rec. Doc. 1.  It is unclear when he was first placed in custody.

and constitutional rights had been violated because he was denied adequate medical treatment and medical assistance. He further contends that he was denied protection from cruel and unusual punishment and was not allowed to receive supplemental security income from the State of Louisiana or immediate emergency assistance. He seeks damages for pain and suffering and mental anguish. He further seeks an appointed legal civil rights lawyer.

Rule 8(a) of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . ." While a plaintiff is not required to set out in detail all of the facts upon which he bases his claim, the Federal Rules do require a short and plain statement of the claim being asserted so as to give the defendants fair notice of the claim and the grounds upon which it rests. *Boudeloche v. Grow Chemical Coatings Corp.*, 728 F.2d 759, 761-62 (5th Cir. 1984); *In Re Santa Barbara Like It is Today Copyright*, 94 F.R.D. 105 (D. Nev. 1982).

Johnson has failed to allege any facts in his Complaint which would put the defendants on notice as to the allegations against them. "Some facts much be alleged that convince the court that the plaintiff has at least a colorable claim. Conclusory allegations will not suffice." *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 678 (5th Cir. 1988). While he alleges that he was denied medical care, he fails to describe the physical or mental condition that required medical care, that he actually requested medical care, to whom it was requested, or that his request was denied.

He also does not set forth any facts indicating whether he was incarcerated for more than one year or which defendants denied his request for supplemental security income. Nor is there any allegation of who denied him immediate emergency assistance nor is there a description of the

emergency which necessitated assistance. It is therefore recommended that the plaintiff's suit be dismissed without prejudice unless he amends said complaint within twenty (20) days to set forth a cause of action which provides the defendants with sufficient notice of his claims.

For the foregoing reasons, it is **RECOMMENDED** that the plaintiff's § 1983 claims against the defendants, James M. LeBlanc, Juan Labadie, and Milton Sterling, be **DISMISSED WITHOUT PREJUDICE** for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure unless he amends his complaint within twenty (20) days to set forth a cause of action which provides the defendants with sufficient notice of his claims.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[2]

New Orleans, Louisiana, this 5th day of May, 2011.

  KAREN WELLS ROBY
  UNITED STATES MAGISTRATE JUDGE

---

[2] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.