```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

BARON JOHNSON                                CIVIL ACTION

VERSUS                                       NO: 10-1770

JAMES LEBLANC, ET AL.                        SECTION: R(4)


**ORDER AND REASONS**

Before the Court is petitioner Baron Johnson's motion to appeal *in forma pauperis*. Because the Court finds that his appeal is not taken in good faith, the motion is DENIED.

**I.   Background**

Johnson is a former inmate of the David Wade Correctional Center in Homer, Louisiana who now resides in the Terrytown area of Jefferson Parish. On June 3, 2010, Johnson filed a complaint *in forma pauperis* against James M. LeBlanc, the Secretary of the Louisiana Department of Corrections, Juan Labadie, a doctor within the Jefferson Parish Department of Health and Human Services, and Milton Sterling, a physician, asserting that his Eighth and Fourteenth Amendment rights had been violated.[1] Specifically, Johnson argued that he was denied medical treatment, supplemental security income and immediate emergency

---

[1]   R. Doc. 1.

assistance.  Johnson also alleged that he was subject to cruel and unusual punishment and that his right to privacy was violated.  The Magistrate Judge recommended that Johnson's complaint be dismissed without prejudice unless he amended it to set forth a particularized claim.  This Court adopted the Magistrate Judge's Report and Recommendation and dismissed Johnson's complaint without prejudice on June 2, 2011.[2]  Johnson now moves to proceed with his appeal *in forma pauperis*.

## II.  Legal Standard

A plaintiff may proceed in an appeal *in forma pauperis* when he "submits an affidavit that includes a statement of all assets [he] possesses [and] that [he] is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  A court may dismiss the case at any time if it determines that the allegation of poverty is untrue, that the appeal is frivolous or malicious, that the appeal fails to state a claim on which relief may be granted, or that the appeal seeks monetary relief against a defendant who is immune from such relief.  *Id.* § 1915(e).  A district court has discretion in deciding whether to grant or deny a request to proceed *in forma pauperis*. *Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982) (per curiam); *see also Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988) ("A district

---

[2]    R. Doc. 26.

court has discretion, subject to review for abuse, to order a person to pay partial filing fees where the financial data suggests that the person may do so without suffering undue financial hardship."). The district court must inquire as to whether the costs of appeal would cause an undue financial hardship. *Prows*, 842 F.2d at 140; *see also Walker v. Univ. of Tex. Med. Branch*, No. 08-417, 2008 WL 4873733, at *1 (E.D. Tex. Oct. 30, 2008) ("The term 'undue financial hardship' is not defined and, therefore, is a flexible concept. However, a pragmatic rule of thumb contemplates that undue financial hardship results when prepayment of fees or costs would result in the applicant's inability to pay for the 'necessities of life.'") (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

### III. Discussion

Johnson failed to complete the affidavit accompanying his motion to appeal *in forma pauperis*. Johnson did not provide the court with any financial information; he wrote "N/A" in response to all requested information. Johnson's incomplete affidavit is grounds to deny his motion. *See In re Stoller*, 328 F. App'x 623, 624 (Fed. Cir. 2008) (denying *in forma pauperis* motion when petitioner failed to disclose income, employment, expenses and cash available for petitioner and his spouse); *Flippin v. Coburn*,

107 F. App'x 520, 521 (6th Cir. 2004) ("Because [petitioner] failed to provide information about his expenses, the district court was unable to determine whether he was indigent, and therefore, it properly denied his motion to proceed in forma pauperis."); *Armstrong v. San Antonio Hous. Auth.*, No. 03-1128, 2004 WL 2397577, at *1-2 (W.D. Tex. Sept. 24, 2004) (denying plaintiff's application to proceed *in forma pauperis* on appeal because, among other reasons, plaintiff failed to list his monthly income and assets with specificity).

In addition, the Court finds that Johnson's appeal is not taken in good faith because he has failed to state a nonfrivolous ground for appeal. An appeal may not be taken *in forma pauperis* if it is not in good faith. 28 U.S.C. § 1915(a)(3); *see also* Fed. R. App. P. 24(a)(3). "'Good faith' is demonstrated when a party seeks appellate review of any issue 'not frivolous.'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (quoting *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). A determination of an IFP movant's good faith, while necessitating a brief inquiry into the merits, is limited to whether the appeal involves legal points arguable on their merits. *United States v. Misher*, 401 F. App'x 981, 981 (5th Cir. 2010) (quoting *Howard*, 707 F.2d at 220). "A complaint is frivolous if it lacks an arguable basis either in law or in fact." *Kingery v. Hale*, 73 F.

App'x 755, 755 (5th Cir. 2003) (citing *Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992)).

Johnson's arguments for appeal do not have an arguable basis in either law or fact.  Johnson's notice of appeal does not contain any information regarding the alleged violations of his rights beyond what he asserted in his initial complaint.  The Court finds no reason to depart from the earlier judgment dismissing Johnson's complaint for failure to set forth a particularized claim.  Based on the foregoing, the Court finds that Johnson's assertions do not have an arguable basis in law or in fact, and his appeal is therefore frivolous.

IV.  **CONCLUSION**

Accordingly, the Court DENIES Johnson's motion for leave to appeal *in forma pauperis*.

New Orleans, Louisiana, this ___30th___ day of September, 2011.

_____*Sarah Vance*_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE